IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FULTON DENTAL, LLC, individually and on behalf of all others similarly situated, ) ) ) | |
| ) | Case No. 15 C 11038 |
| Plaintiff, ) | |
| ) | Judge Edmond E. Chang |
| v. ) | |
| ) | Magistrate Judge Daniel Martin |
| BISCO, INC., ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DEPOSIT FUNDS WITH COURT

Defendant, Bisco, Inc. ("Bisco"), pursuant to Rule 67 of the Federal Rules of Civil Procedure, hereby moves the Court for leave to deposit with the Court funds sufficient to provide Plaintiff, Fulton Dental, LLC ("Fulton"), complete relief for its claims asserted in this action. In support of this motion, Bisco states as follows:

1. On December 8, 2015, Fulton filed its Class Action Complaint alleging Bisco sent it a fax advertisement without first obtaining Fulton's permission and without providing an "opt out" notice in the fax. Dkt. 1, *Complaint*, ¶¶ 13, 24, 25. Asserting claims under the Telephone Consumer Protection Act ("TCPA"), Fulton seeks damages of $500 for each negligent violation and $1,500 for each willful violation. Dkt. 1, *Complaint*, p. 8.

2. On January 18, 2016, Bisco made an offer of judgment to Fulton in the amount of $3,005 plus accrued costs. This offer represented more than Fulton could hope recover in this action since it reflects the maximum statutory damages of $1,500 for each violation and assumes that a single fax sent without permission and without an opt out notice constitutes two independent violations of the TCPA. On January 24, 2016, Fulton rejected Bisco's offer of judgment.

3. The effect of such a spurned offer of judgment has been the subject of much litigation recently.

4. On August 6, 2015, the Seventh Circuit overruled its prior precedents and held that a rejected offer of settlement does not moot the litigation, or otherwise end the Article III case or controversy, and therefore does not deprive the courts of subject matter jurisdiction over the litigation. *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015). However, the Seventh Circuit went on to hold that "[r]ejecting a fully compensatory offer may have consequences other than mootness" including affirmative defenses in the nature of waiver or estoppel. *Id.*

5. On January 20, 2016 (just two days after Bisco made its offer of judgment), the Supreme Court likewise held that a rejected offer of judgment does not moot a plaintiff's case and therefore does not deprive the courts of subject matter jurisdiction over it. *Campbell-Ewald Co. v. Gomez*, 577 U.S. ___, ___ (2016). However, the Supreme Court also expressly declined to decide "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at ___.

6. In his dissent, Chief Justice Roberts disagreed with the majority's analysis that an offer of complete relief does not moot the case or controversy, but went on to make the following remarks:

> The good news is that this case is limited to its facts. The majority holds that an *offer* of complete relief is insufficient to moot a case. The majority does not say that *payment* of complete relief leads to the same result. For aught that appears, the majority's analysis may have come out differently if Campbell had deposited the offered funds with the District Court. This Court leaves that question for another day—assuming there are other plaintiffs out there who, like Gomez, won't take "yes" for an answer.

285217_1

2

*Id.* at ___ (Roberts, C. J., dissenting) (internal citations omitted).

7. As a result of the Supreme Court's opinion in *Campbell-Ewald Co. v. Gomez*, Bisco seeks leave to deposit funds constituting complete relief to Fulton with the Court.

8. With regard to depositing funds with the Court, Rule 67 of the Federal Rules of Civil Procedure provides as follows:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a).

9. For the foregoing reasons, Bisco respectfully requests that the Court grant it leave to deposit funds with the Court in the amount of $3,600 ($3,005 statutory damages plus $595 to cover any accrued costs). If the Court grants this motion, Bisco further requests that following Bisco's deposit of funds with the Court, (a) the Court enter judgment for Fulton in the amount of $3,005 plus costs and direct Fulton to file a bill of costs, or (b) set a schedule for the parties to submit briefs on the consequences of Bisco's deposit of the funds with the Court.

Dated: January 25, 2016        Respectfully submitted,

BISCO, INC., Defendant

By: /s/ Jeffrey J. Halldin
 One of Its Attorneys

Jeffrey J. Halldin
John M. Heaphy
HARRISON & HELD, LLP
333 West Wacker Drive
Suite 1700
Chicago, Illinois 60606
(312) 332-1111