UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FULTON DENTAL, LLC
individually, and on behalf
of all others similarly situated,

      Plaintiff,

v.

BISCO, INC.

      Defendant.

CIVIL ACTION NO. 15-cv-11038

Judge Edmond E. Chang

Magistrate Judge Daniel Martin

### PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DEPSOIT SETTLEMENT FUNDS INTO THE COURT FOLLOWING AN INCOMPLETE SETTLEMENT OFFER REJECTED BY THE PLAINTIFF

Plaintiff Fulton Dental ("Plaintiff") submits this brief in opposition to Defendant Bisco, Inc.'s ("Defendant") motion under Fed. R. Civ. P. 67 ("Rule 67") to deposit $3,600.00 into the Court's registry. According to Bisco this would "moot" the entire case.

However, Rule 67 is not intended to do that which Bisco wishes. "The Rule 67 procedure provides a place of safekeeping for disputed funds pending the resolution of a legal disput, but it cannot be used as a means of altering the contractual relationships and legal duties of the parties." *United States v. Tully*, 288 F.3d 982, 987 (7th Cir. 2002) *quoting The LTV Corp. v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992). Because Bisco seeks to deposit this money in order to affect the substantive rights of the parties, the Court should deny its request to do so.

1

Moreover, even if the Court were to permit Bisco to deposit the money, and even if Bisco did in fact deposit such funds, this case would not be over. The Prayer for Relief asks for much more than just $3,005. The complaint explicitly requests class certification, declaratory relief and class-wide injunctive relief, as well as $1,500 *per violation for each of the other people who received similar faxes*. And although plaintiff does not yet know how many illegal faxes Bisco sent, it is safe to say that $3,005 split among those who received the fax is insufficient to satisfy the class judgment that the complaint requests.

That this Court should deny this Defendant's Rule 67 motion is even clearer in in light of *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). *Campbell-Ewald* held that an unaccepted Rule 68 offer for complete individual relief to a purported class plaintiff does not moot a putative class action. *Id*. at 670-672. The Court emphasized that "a would be class representative with a live claim of her own ***must*** be accorded a fair opportunity to show that certification is warranted." Id. at 672 (emphasis added). Accordingly, under the most recent Supreme Court jurisprudence, a class action cannot be short-circuited by a defendant's individual settlement overtures – the plaintiff "must" be afforded a "fair opportunity" to file a class certification motion and have that motion decided upon by the court after sufficient time has been permitted for discovery. *See Brady v. Basic Research, L.L.C.*, No. 2:13 cv 7169, --- F.R.D. ---, 2016 WL 462916, *2 (S.D.N.Y. Feb. 3, 2016) (denying a defendant's attempt to employ the Rule 67 mechanism following the Supreme Court's decision in *Campbell-Ewald* in a TCPA case); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, C.A. No.14-cv-5008, Dkt. No. 72 (D. Minn. March 1, 2016) (Same). Other Courts in this District are in accord. See *Rodriguez v. Sprint/United Mgmt. Co*., 2016 U.S. Dist. LEXIS 19861 (N.D. Ill. Feb. 19, 2016).

2

For these reasons, and as explained below, the motion to deposit funds should be denied. To the extent that the Court permits such deposit, the Court should hold the deposited money in trust as partial payment for a class judgment, and permit the case to proceed as to all of the other issues raised in the complaint, including whether a declaration that the fax violates the TCPA is appropriate, whether class-wide injunctive relief is appropriate, whether class certification is appropriate and what the balance of Bisco's payment to satisfy a class judgment should be.

## **BACKGROUND**

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy." 47 U.S.C. § 227, Congressional Statement of Findings #5. In enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile, hereinafter "Junk Faxes." 47 U.S.C. § 227. Plaintiff is a private dental practice in which has been inundated with Junk Faxes and has brought this putative class action to challenge Bisco's wholesale issuance of unsolicited Junk Faxes in violation of the TCPA. As the Seventh Circuit has made clear, "[c]lass certification is normal [in TCPA cases] . . . because the main questions . . . are common to all recipients." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013). *see also Arnold Chapman and Paldo Sign & Display Co. v. Wagener Equities, Inc.*, No. 09-c-07299, 2014 WL 540250, at *15, n. 11 (N.D. Ill. 2014) ("*Chapman I*"), *leave to appeal denied* 747 F.3d 489 (7th Cir. 2014) ("*Chapman II*") (Posner, J.) (discussing "the many cases decided during and since 2011 in which TCPA classes have been certified, as well as the Seventh Circuit's observation in *Turza* that class certification is the norm in TCPA cases"). These holdings are consistent with the Supreme Court's observation that the class certification requirements are "readily met" in consumer

3

protection cases where, as here, common factual questions necessarily center upon the defendant's course of conduct. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

After receipt of the Complaint, and prior to the commencement of any discovery, Bisco tendered an individual offer of judgment in the amount of $3,600, employing a litigation tactic of attempting to deprive this Court of jurisdiction prior to class certification. This tactic was explicitly rejected in *Campbell-Ewald*. However, in a last-ditch effort to avoid class wide liability, Bisco is attempting to have this Court enter judgment in the Plaintiff's favor, over its objection, for the purpose of mooting the Plaintiff's putative class claims.

## ARGUMENT

### A. The Defendant's Attempt to Transform the "Procedural Device" of Rule 67 into an Avenue for Affecting Substantive Rights Should be Rejected.

As Bisco concedes in its brief, Rule 67 is intended to be "a rather unimportant rule." *See* Dkt. No. 24 at 2. Its attempt to take this "unimportant rule" and obliterate consumer class action cases should be forcefully rejected. "A Court cannot use Rule 67 as a means of altering the contractual relationships and legal duties of the parties but rather as a procedural device to provide a place of safekeeping for disputed funds." *Maher Eng'g Co. v. Screwmatics of S.C., Inc.*, 2014 U.S. Dist. LEXIS 141682, 2-3 (N.D. Ill. Oct. 6, 2014) (denying motion for leave to deposit funds); *Progressive Casualty Insurance Co. v. Drive Trademarks Holdings LP*, 680 F. Supp2d 639, 641 (D. Del. 2010) (same and citing cases).

The Defendant is attempting to transform the Rule 67 "procedural device" into a tool for transforming substantive rights, despite clear Seventh Circuit instruction that Rule 67 is not to be used for this purpose; Rule 67 is merely a safe haven for property that is the subject of disputes, to be distributed after "resolution of a legal dispute." *See United States v. Tully*, 288 F.3d 982,

987 (7th Cir. Ind. 2002) ("The Rule 67 procedure provides a place of safekeeping for disputed funds pending the resolution of a legal dispute, but it cannot be used as a means of altering the contractual relationships and legal duties of the parties.").

Prior attempts in this district to affect substantive legal rights through Rule 67 have been rejected. *Maher Eng'g* was a dispute concerning one business's alleged failure to pay another business a 5% sales commission. Similar to what Bisco requests here, Screwmatics asked Judge St. Eve to permit it to deposit funds pursuant to Rule 67, in order to short-circuit that case. The Court denied Screwmatic's request because (1) "the parties [did] not agree on any sum certain that [was] in dispute," and (2) because that Court found that "it should not use Rule 67 to alter the parties' legal rights and duties." In Judge St. Eve's view, the factfinder should be permitted to determine whether punitive damages were appropriate as a deterrent to future misconduct.

Deposit of funds would leave several important unanswered questions for the factfinder, including whether the class should be certified. The policy behind why certification matters is identical to the policy behind why punitive damages matter: "an important policy objective of class actions [is] deterring and punishing corporate wrongdoing." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 668 (7th Cir. 2015) *cert. denied*, No. 15-549, 2016 WL 763259 (Feb. 29, 2016). Moreover, just as the punitive damages in *Maher* needed to be decided by the factfinder, class damages in this case are unliquidated and uncertain, and are certainly disputed.

Moreover, Courts in this District following *Campbell-Ewald* have recognized that individual offers of judgment, settlement offers or other procedures such as those employed by Bisco here fall short of depriving a Court of subject matter jurisdiction. *See Rodriguez v. Sprint/United Mgmt. Co.*, 2016 U.S. Dist. LEXIS 19861 (N.D. Ill. Feb. 19, 2016) (Kennelly, J.) ("the Supreme Court determined that a lapsed offer of judgment has no effect on the justiciability

5

of a case and does not nullify a live controversy between the litigating parties. Sprint acknowledges that Campbell-Ewald defeats its argument regarding its offer of judgment, and it no longer seeks dismissal on this ground.").

In short, Bisco's request to deposit funds should be denied because Bisco's motives for requesting such are inconsistent with how the Rule may permissibly be used. To the extent that the Court permits the funds to be deposited, plaintiff requests that the Court hold such funds in trust for the benefit of the class members.

**B.  This Case Should Proceed Even if the Court Permits Bisco's Proposed Deposit.**

Even if Bisco were permitted to deposit $3,005 into the Court's registry, this would not satisfy all of that which is requested in the complaint. The complaint in this matter asks for much more than this amount and an offer to stop faxing the named plaintiff; it seeks a declaration that Bisco's fax violates the TCPA, injunctive relief, class certification and money damages for each violation as to plaintiff and each class member. Moreover, Bisco has elected not to admit liability; an essential element to common-law tender offers, as observed by Justice Thomas in his *Campbell-Ewald* concurrence.

**1.  The Complaint Requests More than Bisco has Offered.**

The document that initiated this case, the complaint, asks for much more than that which Bisco has offered and requested to deposit. The Prayer for Relief, page eight of the complaint, asks for:

**PRAYER FOR RELIEF**

WHEREFORE, on behalf of himself and members of the class, Fulton prays for the following relief:

1.    That the Court declare that Exhibit A violates the TCPA;

6

2.     That Defendant, its agents, or anyone acting on its behalf, be enjoined from altering, deleting or destroying any documents or records that could be used to identify the class members;

3.     That this Court certify the claims of Fulton and all others similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure;

4.     That Fulton and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Defendant and $1,500 for each willful violation;

5.     That the Court enter an appropriate order enjoining Defendant, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom Defendant have transmitted unsolicited facsimile advertisements; and

6.     That Fulton and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

Docket Entry 1. Far from "falling on the sword," Bisco picks-and-chooses which portions of the prayer for relief it wants plaintiff to receive. A defendant in a federal lawsuit cannot permissibly agree to a fraction of the relief sought and then claim that the entire case is over. The elements of plaintiff's prayer for relief that are still "live" for factual and legal determination follow:

### a.  *Bisco Continues to Deny Liability.*

The prayer for relief asks for a declaration that the fax that Bisco sent "violates that TCPA." However, none of Bisco's many case-resolution attempts or offers propose an admission that its fax violated the TCPA.

This refusal to admit liability dooms Bisco's attempt to "moot" this case through deposit of funds, because. *Campbell-Ewald* held that a defendant's continued denial of liability renders a case sufficiently adverse for Article III purposes. *See Campbell-Ewald*, 136 S. Ct. at 666, 670

7

(holding that because, among other things, the defendant had continued to deny liability, "adversity between the parties persist[ed]."). Moreover, the Supreme Court has long held "that history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider." *Sprint Communications Co. v. APCC Servs., Inc.*, 554 U.S. 269, 274 (2008); *Merrimon v. Unum Life Ins. Co. of America*, 758 F.3d 46, 53 (1st Cir. 2014) (same, looking to common law of trusts to determine whether a plaintiff in an ERISA action had Article III standing). *See also Coleman v. Miller*, 307 U.S. 433, 460 (1939) (Frankfurter, J. concurring) (in crafting Article III "the framers ... gave merely the outlines of what were to them the familiar operations of the English judicial system and its manifestations on this side of the ocean before the Union").

Under the common law, a "defendant who tried to deny liability could not effectuate a tender." *Gomez* at 675 (Thomas, J., concurring); A. Hunt, A Treatise on the Law of Tender, and Bringing Money Into Court § 242 (1903) (under the common law, if a defendant "ma[de] a protest that he was not liable for the full amount of what he tendered," the tender was invalid). Accordingly, Bisco's failure to admit liability in this case would make any tender into court (or otherwise), ineffective, and this case would still be live.

While it is true that Chief Justice Roberts wrote that "[o]ur precedents plainly establish that an admission of liability is not required for a case to be moot under Article III," *Gomez*, 136 S. Ct. at 682 n.3, not a single one of the cases to which was referred in this dissent concerned a defendant's attempt to moot a plaintiff's purported class action through a deposit into court. For example, in *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308 (1893), the Supreme Court held the case moot because the defendant had deposited the full amount the State of California demanded in a California Bank in the State's name in accord with a state statute that

8

"extinguished" the defendant's tax obligations upon such a payment. *Id.* at 313-314. Here, no such statute exists, and, as noted above, federal law requires an additional order of the court — besides the order permitting a party to deposit funds with the court — before funds paid into court may be disbursed.

In *Little v. Bowers*, 134 U.S. 547 (1890), the Court held that a dispute over state taxes was moot because the plaintiff had voluntarily paid those taxes in toto directly to the state, and the state accepted those payments. *Id.* at 552-556. Similarly, the Court in *San Mateo County v. Southern Pac. R. Co.*, 116 U.S. 138 (1885) held that that case was mooted by the defendants voluntary payment of all taxes due directly to the plaintiff, and the plaintiff's acceptance of those payments . *Id.* at 139-141. Here Bisco is requesting permission to deposit funds with the Court, and Plaintiff has not previously accepted and will not accept any payments until after this Court decides Plaintiff's class certification motion. *Already v. Nike, Inc.*, 133 S. Ct. 721 (2013) and *Alvarez v. Smith*, 558 U.S. 87 (2009) both concerned claims for prospective injunctive or declaratory relief and "whether claim for prospective relief is moot is very different from the issue in this case which involves claims for damages to remedy past harms." *Gomez*, 136 S. Ct. at 677.[1] Because Bisco has not admitted liability, there still exists a live case and controversy.

---

[1] In addition, no less of a figure than the late Chief Justice Renquist would take issue with Chief Justice Robert's assertion that a defendant's tender of funds into court, or a defendant's attempted tender directly to a plaintiff which the plaintiff rejects, can moot the plaintiff's damage claims: "Acceptance [of a tender of funds] *need not be mandated under our precedents* since the defendant has not offered all that has been requested in the complaint (*i. e.*, relief for the class) and any other rule would give the defendant the practical power to make the denial of class certification questions unreviewable. Since adversity is in fact retained, and this set of facts fits within a 'narrow class of cases' where a contrary rule would lead to the 'reality' that 'otherwise the issue would evade review,' I think our precedents provide for the maintenance of this action" *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 341-342 (1980) (Renquist, J., Concurring).

### b. *Bisco's Offer Does Not Include Certification of a Class.*

Regardless of any alleged satisfaction by Bisco of Plaintiff's individual causes of action, the prayer for relief expressly asks for the Court to certify the class; something that has not yet happened, and which is in vigorous dispute. Because this action has just begun, and because it has been stayed (Dkt. No. 23), Plaintiff has not had the opportunity to take any discovery, let alone have a "fair opportunity" to file a wholesome class certification motion and have that motion decided upon by this Court after sufficient time has been permitted for discovery. Accordingly, under *Campbell-Ewald*, this Court should not, and indeed, may not, aid Defendant's attempt to moot Plaintiff's claims by granting Defendant's Rule 67 motion to deposit funds into court. *Campbell-Ewald*, 136 S. Ct. at 672.

. The heart of the position proffered by the Defendant here is the same one rejected by the Court in *Campbell-Ewald* when it held that a Plaintiff *must* be afforded the opportunity in a putative class action to be heard on class certification. *See Campbell-Ewald* at 672. The Defendant here is simply trying to prevent class certification from being heard. In fact, the Defendant claims that, "if Bisco is allowed to deposit the funds with the Court, Fulton will receive everything it could hope to get in this action." *See* Dkt. No. 24 at 6. This is simply not true.

Even if Bisco could moot Plaintiff's individual causes of action this case would still be live because the Supreme Court has long held that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim. . . . [Rather,] [t]he proposed representative retains a 'personal stake' in obtaining class certification sufficient to assure that Art. III values are not undermined." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402–404 (1980). Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 133

10

S. Ct. 1523, 1536 (2013), the reasoning of which *Campbell-Ewald* expressly adopted, says

nothing different.

    Other federal courts to consider this issue following *Campbell-Ewald* reached a

conclusion consistent with the Plaintiff's position here. In *Brady v. Basic Research, L.L.C.,* 2016

U.S. Dist. LEXIS 14340 (E.D.N.Y. February 3, 2016), the Court was in receipt of an identical

submission offered by the Defendant here, that in a putative class action under the TCPA, The

*Brady* Court rejected this litigation tactic along with a detailed explanation of its exercise of

discretion to do so consistent with *Campbell-Ewald*:

> On January 21, 2016, by letter motion and pursuant to *Federal Rule of Civil
> Procedure 67*, the Defendants moved for permission to deposit funds with the
> Clerk of Court "consistent with the *Rule 68* offer of judgment that [they]
> previously made to Plaintiffs."…For the reasons that follow, the *Rule 67* Motion
> is DENIED.
> …
>  By seeking permission to deposit the amount of their offer of judgment with the
> Clerk of the Court, Defendants are attempting to moot the individual claims
> ("individual claims") of Plaintiff…thereby defeating the Individual Plaintiffs'
> attempt to have a class certified. (*See Rule 67* Motion at 2.) Relying on *Campbell-
> Ewald Co. v. Gomez, 136 S. Ct. 663, 2016 WL 228345 (U.S. 2016)*, the
> Defendants con-tend that "a defendant's depositing of funds sufficient to cover the
> full amount of a plaintiff's individual claims, in an account payable to the [*3]
> plaintiff prior to the Court entering judgment, *may* provide the basis for mooting a
> plaintiffs case."
> ….
> *Rule 67* is a 'procedural device ... intended to provide a place for safekeeping for
> [*4] disputed funds pending resolution of a legal dispute and not to provide a
> means of altering the contractual relationships and legal duties of each party.'
> ….
> As Defendants' seek *Rule 67(a)* permission to de-posit funds into court to moot
> this case and not to relieve themselves of the burden of administering an asset,
> and given the Supreme Court's directive that "a would-be class representative with
> a live claim of her own *must be accorded a fair opportunity* to show that
> certification is warranted, *Gomez, 136 S. Ct. 663, [WL] at * 11* (emphasis added),
> the Court finds that granting the Defendants' *Rule 67(a)* Motion is not warranted.

11

*See* Exhibit 1 at *1, *2-3, *4 and *5. Just this week, a district court in Minnesota reached the same conclusion in *Bais Yaakov of Spring Valley v. Varitronics, LLC*, C.A. No.14-cv-5008, Dkt. No. 72, holding:

> Defendant's motion is inspired by language in the Supreme Court's recent opinion in *Campbell-Ewald v. Gomez*, 136 S. Ct. 663 (2016). In that case, the Court held that a Rule 68 offer of judgment to a plaintiff who seeks to represent a class pursuant to Rule 23 of the Federal Rules of Civil Procedure does not moot the case, even if the offer of judgment is in the full amount of Plaintiff's individual claim…
>
> Here, as in *Brady*, no class certification motion has yet been decided. As the Supreme Court noted in *Campbell-Ewald*, a plaintiff who seeks to represent a class, "must be accorded a fair opportunity to show that certification is warranted." 136 S. Ct. 663 at 672. As there is no purpose to the deposit defendant seeks to make other than to moot the case, and as Plaintiff has not yet had a fair opportunity to show that class certification is warranted, for the reason set forth in *Brady*, the motion should be DENIED.

*See* Exhibit 2 at 2. Other courts to decide similar issues following *Campbell-Ewald* are in accord. *See Family Health Chiropractic, Inc. v. MD On-Line Solutions, Inc.*, 2016 U.S. App. LEXIS 1906 (6th Cir. Mich. February 2, 2016); *Jennings v. Cont'l Serv. Grp.*, 2016 U.S. Dist. LEXIS 8756 (W.D.N.Y. Jan. 26, 2016); *Gray v. Kern*, 2016 U.S. Dist. LEXIS 13263 (D. Md. Feb. 4, 2016). *Campbell-Ewald* instructs that a propoed class action must be given a chance.

### c. *$3,005 is Not Enough Money.*

The complaint makes clear that plaintiff seeks $1,500 per violation, for each class member, whereas Bisco has only offered $3,005. And while plaintiff does not currently know the extent of Bisco's illegal faxing campaign, if there was just one more fax that was sent, Bisco's sum does not satify the claims raised in the complaint. Bisco should not be permitted to ignore the complaint's allegations and assert that plaintiff has all it ever asked for.

Three thousand five dollars is also insufficient to satisfy or "moot" the monetary claims in this case because Plaintiff has an Article III interest in (1) the potential ability to shift attorney fees and expenses it has incurred on behalf of a class, *Deposit National Bank v. Roper*, 445 U.S. 326, 334 n.6 (1980); and (2) a possible incentive award for its efforts on behalf of the class. *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 874–75 (7th Cir. 2012). Finally, even if all of Plaintiff's individual claims could somehow be rendered "moot" through a deposit into court, Plaintiff would still be permitted to pursue its class claims without undue delay under the "relation-back" doctrine applied by the Third, Ninth, Tenth, and Eleventh Circuits in TCPA cases. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 875 (9th Cir. 2014), *aff'd* 136 S. Ct. 663 (2016); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 704–05 (11th Cir. 2014); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011); *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004). The Supreme Court left all these decisions undisturbed in *Campbell-Ewald*. 136 S. Ct. at 668.

District courts around the country routinely approve of incentive awards for class plaintiffs often in amounts in excess of what they might receive. *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 874–75 (7th Cir. 2012); e.g. *Lees v. Anthem Ins. Companies Inc.*, No. 4:13CV1411 SNLJ, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) (awarding TCPA class representative that had claims for two violations $10,000, and collecting cases); cf. *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 690 (7th Cir. 2013) (calling a District Court's incentive award of *less* than the amount of what a judgment would be a "disincentive award.")

Accordingly, because a putative class plaintiff has an Article III interest in the potential ability to shift attorney fees and expenses it has incurred to a class even if a defendant tenders individual relief before the plaintiff has filed a class certification motion or such a motion has

13

been decided by the court, it is plain that the same is true for the plaintiff's interest in a potential incentive award.

Here, there is no doubt that Plaintiff's individual claim for both monetary damages and injunctive relief are live, as Plaintiff has received neither form of relief. Moreover, because this action has been stayed, and is still subject to that stay (Dkt. No. 23), the Plaintiff has not been able to take any discovery in this case, let alone have a "fair opportunity" to file a class certification motion and have that motion decided upon by this Court after sufficient time has been permitted for discovery. Accordingly, under *Campbell-Ewald*, this Court should not, and indeed, may not, aid Defendant's attempt to moot Plaintiff's claims by granting Defendant's Rule 67 motion to deposit funds into court. *Campbell-Ewald*, 136 S. Ct. at 672.

### d. Bisco's Offer for an Injunction has Expired.

Bisco's offer to enter into an injunction came as part of Bisco's Rule 68 "offer of judgment," which was issued on January 18, 2016, and expired on February 1, 2016. When this offer expired unaccepted, Fulton Dental "remained emptyhanded." *Campbell-Ewald,* at 672.

### 2. Estoppel and Waiver are Inapplicable.

Bisco attempts an end-around the clear binding precedent in *Campbell-Ewald* by asserting that two *potential* affirmative defenses, equitable estoppel and waiver, compel judgment its favor. Bisco's position, based upon un-briefed dicta in *Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015), does not apply here.

First, Judge Easterbrook's comments about these defenses assumed that the settlement offer (1) remained open, and (2) offered complete relief. Second, neither defense fits into the situation at bar, and Bisco makes no attempt to argue that it does, other than to quote the

14

inapplicable elements of each, and then vaguely cite to *Chapman*, arguing that each defense is "flexible" enough to end this case. Bisco's brief simply does not argue why either might apply here… or at this stage in the case.

According to Bisco, "Equitable estoppel is a doctrine which precludes one party from asserting a claim or defense against another party who has detrimentally altered her position in reliance on the former's misrepresentation or failure to disclose a material fact." *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992). "The traditional elements of equitable estoppel are: (1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *Id.* Bisco makes no attempt to apply these elements to these circumstances; nor can it: Plaintiff's complaint, from the beginning, has clearly identified what he wants out of this case. There is no "misrepresentation," there is no "reasonable reliance" by Bisco on any misrepresentation, and there is no "detriment" here, because plaintiff has plainly and unequivocally rejected Bisco's attempts to pay an insufficient sum. Regardless of what flexibility Judge Easterbrook might have been contemplating in *Champman*'s dicta, Bisco has not made a sufficient showing, or argument, that it should apply. Bisco's argument as to waiver is underdeveloped, and should be rejected.

As explained above, plaintiff has always been straightforward and clear that it wants relief for the class. Its position as to these issues has never faltered, and it has done the "right thing," although maybe not the "easy thing," in rejecting Bisco's attempts to divert money that should go to the class, to the plaintiff alone. *Cf. Grok Lines, Inc. v. Paschall Truck Lines, Inc.*, No. 14 C 08033, 2015 WL 5544504, at *1 (N.D. Ill. Sept. 18, 2015) (rejecting proposed class TCPA settlement that paid money that should have gone to the class to plaintiff's counsel).

15

## CONCLUSION

For the reasons stated herein, the Defendant's motion should be denied.

> Plaintiff,
> By Counsel,
>
> */s/ Anthony I. Paronich*
> Anthony I. Paronich
> Broderick Law, P.C.
> 99 High Street, Suite 304
> Boston, MA 02110
> (617) 738-7080
> anthony@broderick-law.com

Dated:  March 3, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2016, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> */s/ Anthony I. Paronich*
> Anthony I. Paronich

16