UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FULTON DENTAL, LLC** individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**BISCO, INC.**<br><br>    Defendant. | CIVIL ACTION NO. 15-cv-11038<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Daniel Martin |

**PLAINTIFF'S *UNOPPOSED* MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

Plaintiff Fulton Dental, LLC respectfully requests that this Court grant the Motion for Preliminary Approval of Settlement (i) preliminarily certifying a class for settlement purposes; (ii) granting preliminary approval of the Settlement Agreement attached hereto as Exhibit 1; and (iii) appointing Fulton Dental, LLC as class representative and Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, McCallum Methvin & Terrell and Burke Law Offices, LLC as class counsel.  In support of this motion, Plaintiff states as follows:

1. Plaintiff filed the above-captioned lawsuit against defendant, Bisco, Inc. ("Defendant"), alleging that it violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") by sending unsolicited facsimile advertisements to Plaintiff and other members of the nationwide class that did not contain an opt out notice in the form required by 47 U.S.C. § 227.

2. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and

1

factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

3. Based upon this review and analysis, Plaintiff and the Defendant entered into the Settlement Agreement, attached hereto as Exhibit 1.[1]

4. The parties desire to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement, including, without limitation, the following:

5. Class Certification. The parties agree to the certification of a class, for settlement purposes only, consisting of:

> All persons or entities within the United States to whom Bisco, Inc. or Bisco Dental Products Co. sent a facsimile at any time from December 8, 2011 through December 8, 2015, and who are identified by their fax in Bisco's fax log Bates numbered B00020-1307.

The Defendant's records reveal that there are 25,127 class members.

6. Settlement Recovery. Bisco shall create a $262,500.00 Settlement Fund (hereinafter "the Settlement Fund"). The Settlement Fund will be distributed as follows:

a. Reasonable costs of notice and administration will be paid from the Settlement Fund, which are not estimated to exceed $43,720, assuming a conservative 15% participation rate from class members.

b. Plaintiff's and class counsel's attorney's fees must be approved by the Court. Plaintiff's counsel shall submit a request for attorney's fees in an amount not to exceed

---

[1] All capitalized terms not otherwise defined herein are defined in accordance with the definitions set forth in the Settlement Agreement.

2

one-third of the Settlement Fund, as well as costs not to exceed $2,115.40.

        c.        The incentive award to plaintiff, as approved by the Court, which will be requested to be $5,000.

        d.        If the deductions described in subparagraphs (a)-(c) are approved by the Court, the Net Settlement Fund will be divided pro rata among Settlement Class Members who timely submit a valid claim form.

        e.        All settlement checks shall be void 90 days from the date of issuance and shall so state on the check. Any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to a *cy pres* recipient approved by the Court. The parties have proposed the National Consumer Law Center.

        6.        <u>Class Notice</u>. The Settlement Agreement provides for notice by facsimile. Specifically, the Claims Administrator will provide individual notice in the following order subject to availability of information and success of delivery: (i) For Class Members for whom Bisco possesses a valid facsimile number, the Settlement Class Administrator will transmit a two page facsimile consisting of a one page notice and a one page claim form to each such facsimile number. The form of such notice and claim form are attached as Exhibit 2 to the Settlement Agreement. In addition, a more detailed class notice in the form of Exhibit 3 to the Settlement Agreement will be provided on a settlement website, and this website will be identified on the facsimile notice.

Several courts both within and outside this District have approved the sending of notice by facsimile in TCPA class action settlements. *See e.g.*, <u>C.E. Design, Ltd. v. King Supply Co.</u>,

LLC, 09 C 2057, 2012 WL 2976909 (N.D. Ill. July 20, 2012); Wood Dale Chiropractic, Ltd. v. DrFirst.com, Inc., 12 C 780 (N.D. Ill.)(*Dkt. No. 73*)(fax and publication notice); Able Home Health, LLC and Dr. G. Neil Garrett DDS, PC v. Globe Medical-Surgical Supply Co., 12 C 5608 (N.D. Ill.) (*Dkt No. 90*)(fax notice); Dr. William P. Gress v. Northwood, Inc., 12 C 7278 (N.D. Ill.)(*Dkt. No. 38*)(fax and mail notice); Able Home Health, LLC v. Healthy Advice Communications, Inc., 12 C 3019 (N.D. Ill.)(*Dkt. No. 60*)(fax and mail notice); Richard Wade Architects, P.C. v. Engineering Services and Products Company, 11 C 9251 (N.D. Ill.)(*Dkt. No. 58*)(fax notice); City Select Auto Sales, Inc. v. David Randall Associates, Inc., 11-2658 (JBS/KMW), 2014 WL 413533 (D.N.J. Feb. 3, 2014). Vandervort v. Balboa Capital Corp., SACV 11–1578–JLS (JPRx), 2014 WL 1274049 (C.D. Cal. March 27, 2014).

The Settlement Agreement provides that within 21 days after entry of the Preliminary Approval Order ("Notice Deadline") the Settlement Class Administrator shall cause notice (Exhibit 2 to the Settlement Agreement, which includes a claim form) to be sent to the facsimile numbers identified in in Defendant's fax log Bates numbered B00020-1307. Settlement Class Members shall have at least 60 days after the Notice Deadline to submit a claim form, request exclusion from the Settlement Class, or object to the Settlement Agreement.

The Settlement Class Administrator will also post the notice in the form of Exhibit 3 to the Settlement Agreement and the claim form to a dedicated case website, which will also have posted copies of the complaint, answer, the Preliminary Approval Order, and the Settlement Agreement (excluding exhibits), and which will also allow for the electronic submission of claim forms.

7. Class Members' Right to Opt Out. Any Settlement Class Member may seek to be

4

excluded from the Settlement Agreement and the releases therein by opting out of the Settlement Class. Any member who opts out of the Settlement Class shall not be bound by any prior Court order or the terms of the Settlement Agreement and shall not be entitled to any of the benefits, whether monetary or otherwise, set forth in the Settlement Agreement. Settlement Class Members will have at least 60 days after the Notice Deadline to exclude themselves from the Settlement Agreement and opt out of the Settlement Class.

8. <u>Claim Form</u>. In order to receive the consideration provided under the Settlement Agreement, each Settlement Class Member must timely return a claim form which will be provided with the notice sent via facsimile and which will be posted to the settlement website. Settlement Class Members will be provided with the option to return a claim form by fax, via U.S. Mail, or through the website. Settlement Class Members will have at least 60 days after the Notice Deadline to file a claim.

9. <u>Class Members' Right to Object</u>. Any Settlement Class Member may object to the Settlement Agreement by filing with the Court and mailing to Settlement Class Counsel a written objection within the time period set by this Court. Any Settlement Class Member who objects to the Settlement Agreement may appear and be heard at the final approval hearing. Settlement Class Members will have at least 60 days after the notice deadline to object to the Settlement Agreement.

10. Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> (1) The class is so numerous that joinder of all members is impracticable,
> 
> (2) There are questions of fact or law common to the class,

5

>(3) The claims or defenses of the representative parties are typical of the claims defenses of the class, and
>
>(4) The representative parties will fairly and adequately protect the interest of the class.

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

>the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

As demonstrated below, each of the requirements for certification of the Settlement Class is met.

    a.    <u>Rule 23(a)(1) -- Numerosity</u>. Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. <u>Kulins v. Malco</u>, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); <u>Swanson v. American Consumer Industries</u>, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); <u>Cypress v. Newport News General & Nonsectarian Hosp. Ass'n</u>, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); <u>Riordan v. Smith Barney</u>, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); <u>Sala v. National R. Pass. Corp.</u>, 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); <u>Scholes v. Stone, McGuire & Benjamin</u>, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

    In the present case, and for purposes of the Settlement Agreement only, Bisco has agreed to settle this litigation with a class of all persons or entities within the United States to whom

Bisco, Inc. or Bisco Dental Products Co. sent a facsimile from December 8, 2011 through December 8, 2015, and who are identified by their fax numbers in Bisco's fax log Bates numbered B00020-1307. Based on the Settlement Class Administrator's review of the fax log Bates numbered B00020-1307, and other documents, the Settlement Class consists of persons or entities with 25,127 unique fax numbers. This plainly satisfies the numerosity requirement.

    b. <u>Rule 23(a)(2) -- Commonality; and Rule 23(b)(3)- Common Questions of Law or Fact Predominate</u>. Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law <u>or</u> fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. <u>Blackie v. Barrack</u>, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. <u>McClendon v. Continental Group, Inc.</u>, 113 F.R.D. 39, 43-44 (D.N.J. 1986); <u>Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 114 F.R.D. 48, 52 (S.D.N.Y. 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." <u>Franklin v. City of Chicago</u>, 102 F.R.D. 944, 949 (N.D.Ill. 1984); <u>Patrykus v. Gomilla</u>, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

 Here, there are questions of law and fact common to the class that predominate over any questions affecting only individual class members. Among these common questions are whether Defendant sent or caused to be sent the facsimiles at issue, whether the facsimiles at issue were

required to have an opt-out notice under the TCPA, whether the facsimiles violated the TCPA, and whether Plaintiff and the Settlement Class Members were injured by any violation of the TCPA.

Several courts have certified class actions under the TCPA. Holtzman v. Turza, 08 C 2014, 2009 WL 3334909 (N.D. Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); CE Design Ltd. v. Cy's Crabhouse North, Inc., 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D. Ill., April 7, 2008); Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd., 679 F.Supp. 2d 894 (N.D. Ill 2010); Garrett v. Ragle Dental Lab, Inc., 10 C 1315, 2010 WL 4074379 (N.D. Ill. Oct. 12, 2010); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 246 F.R.D. 642 (W.D. Wash. 2007); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Airz. (App.) 94, 50 P.3d 844 (2002); Critchfield Physical Therapy v. Taranto Group, Inc., 293 Kan. 285, 263 P.3d 767 (2011); Karen S. Little, LLC v. Drury Inns, Inc., 306 S.W.3d 577 (Mo. App. 2010).

   c. Rule 23(a)(3) – Typicality. Rule 23 requires that the claims of the named Plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may

control even in the face of differences of fact.

De La Fuente v. Stokely Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the Settlement Class Members has been subjected to the same practice as the named Plaintiff: namely, they are persons and entities with facsimile numbers that, during the class period, were sent faxes by or on behalf of Defendant which did not contain an opt out notice as described in 47 U.S.C. § 227.

    d. Rule 23(a)(4) -- Adequacy of Representation. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in Exhibit 2. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

    e. Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which,

taken individually, are too small to justify legal action but which are of significant size if taken as a group." Brady v. LAC, Inc., 72 F.R.D. 22, 28 (S.D.N.Y. 1976). In the TCPA context, class actions like this one provide "the optimal means of forcing corporations to internalize the social costs of their actions." Bee, Denning, Inc. v. Capital Alliance Grp., 310 F.R.D. 614, 630 (S.D. Cal. 2015).

11. Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, plaintiff respectfully requests that this Court enter an order in the form of Exhibit 3.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
**BRODERICK LAW, P.C.**
99 High Street, Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com

Alexander H. Burke
Email: aburke@burkelawllc.com
Daniel J. Marovitch
Email: dmarovitch
**BURKE LAW OFFICES, LLC**
155 North Michigan Avenue, Suite 9020
Chicago, Illinois 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289

J. Matthew Stephens
**MCCALLUM, METHVIN & TERRELL, P.C.**

10

        2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:    (205) 939-0199
Facsimile:    (205) 939-0399
E-mail:    mstephens@mmlaw.net

Matthew P. McCue
Email: mmccue@massattorneys.net
**THE LAW OFFICE OF MATTHEW P. MCCUE**
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415

**DATED:** November 6, 2017.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing by filing this document in the Court's CM/ECF system, which will transmit the same to all counsel of record.

        */s/ Anthony I. Paronich*
        Anthony I. Paronich