UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FULTON DENTAL, LLC**
individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.

**BISCO, INC.**

    Defendant.

CIVIL ACTION NO. 15-cv-11038

Judge Edmond E. Chang

Magistrate Judge Daniel Martin

## FINAL APPROVAL ORDER

On November 9, 2017, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Bisco, Inc. ("Defendant"), on the one hand, and Plaintiff Fulton Dental, LLC ("Plaintiff") individually and as representative of the settlement class of persons defined below (the "Settlement Class") and the Settlement Class, on the other hand, as memorialized in the Settlement Agreement at ECF 60-1 (the "Settlement Agreement").

On March 7, 2018, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1. All capitalized terms herein shall have the same meaning as set forth in the Settlement Agreement, unless otherwise stated.

2. This Court has jurisdiction over Plaintiff, Defendant, all Settlement Class Members, and the claims asserted in the Litigation. The Defendant has satisfied its obligations with respect to the Class Action Fairness Act.

3. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

4. This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not submitted a valid and timely request for exclusion or otherwise opted out are bound by this Order Finally Approving the settlement and the Settlement Agreement.

## Class Certification

4. The previously certified class (the "Settlement Class") is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons or entities within the United States to whom Bisco or Bisco Dental Products Co. sent a facsimile from December 8, 2011 through December 8, 2015, and who are identified by their fax numbers in Bisco's fax log Bates numbered B00020-1307.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d)

Plaintiff will fairly and adequately protect the interests of the class; (e) Plaintiff's counsel is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. That Plaintiff is designated as representative of the Settlement Class.

7. Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, McCallum Methvin & Terrell and Burke Law Offices, LLC are appointed as Class Counsel.

### Class Notice

8. The notice to the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile to each Settlement Class Member whose identity could be identified through reasonable effort. The complaint, answer, Settlement Agreement, Preliminary Approval Order and class notice were also posted on www.tcpabiscosettlement.com. These forms of class notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

10. The objection submitted is overruled.

11. A total of 1 entity has validly requested exclusion from the Settlement Class. The opt-outs were provided to this Court by the third-party administrator.

12. Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

13. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $87,500 as an award of attorney's fees to be paid from the Settlement Fund and finds this amount of fees is fair and reasonable. The Court also approves $2,115.40 for Class Counsel's out-of-pocket costs as justified and reasonable under the circumstances.

15. The Court grants Plaintiff's request for an incentive award to the class representative and awards Plaintiff $5,000. The Court finds that this payment is justified by the class representative's service to the Settlement Class. This payment shall be made from the Net Settlement Fund.

### Other Provisions

16. As discussed in the Plaintiff's Motion for Final Approval, and with the assent of the Defendant, the Court authorizes that no cure letters need to be sent to any claimants. All claimants who have submitted a claim form with a matching fax number shall have their claim approved. All claimants who have submitted a claim form without a matching fax number shall have their claim rejected.

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval

4

Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

20. Class Counsel or the Class Administrator shall make the *cy pres* payment to the National Consumer Law Center, if necessary, as directed by the Settlement Agreement.

### Dismissal of Action

21. This action is hereby dismissed with prejudice and without costs (except as otherwise provided under the Settlement Agreement).

ENTER:

*Edmond E. Chang*

United States District Judge

Dated: March 7, 2018

5